Samuel M. Gold, J.
These are a motion by the plaintiff to strike out the answer of the defendants and a cross motion by the defendants to dismiss the complaint.
On or about November 12,1966 the defendants entered into an installment contract for the purchase and erection of an awning from Style Master Aluminum Corp. On December 30, 1966 the plaintiff bought the said agreement. On this latter date the plaintiff bank wrote to the defendant Clinton Ogden, advising that the contract had been assigned to it and that enclosed therein were a statement of the details thereof and a coupon book for making payments. Nothing else of significance appears on the face of that letter. However on the back of that paper when turned upside down there is the printed notice required by subdivision 3 of section 403 of the Personal Property Law.
Thereafter, on default in payment, this suit was instituted. The defendants interposed an answer containing in substance affirmative defenses that delivery and installation of the awning was not completed, the agreement was fraudulently induced, and that the awning was defective.
The defendant Clinton Ogden admits receiving the letter and its contents in the early part of January, 1967, and writing on February 1,1967 to the bank asserting his complaints against the seller. He vehemently avers however that he did not see the notice on the back of the letter until it was shown to him by counsel after this suit was commenced.
There is no doubt that the defenses alleged would be available against the plaintiff as well as against the seller except for section 403 of the Personal Property Law. The Legislature in *875 enacting that statute placed certain installment contracts almost on a par with negotiable instruments but sought to protect the uninformed buyer by requiring the assignee to give adequate notice to the vendee that he has only 10 days within which to notify the assignee of his complaints against the vendor concerning the sale. This was imposed as a strict condition before the vendee could be shorn of his defenses against the assignee.
Upon the papers presented it cannot be determined that the plaintiff complied with the plain intendment of subdivision 3 of section 403 of the Personal Property Law by placing the mandated notice on the back of the letter, complete on its face, with no warning or signal thereon to alert the reader to look upside down on the back of it. At a minimum a question is raised as to whether the method used by the assignee in conveying the notice to the buyer concealed rather than revealed it. Only the trial process can resolve such a question.
Accordingly the plaintiff’s motion for judgment is denied. The cross motion of the defendant is also denied.